UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-2-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TRAMONE HORNE, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 361 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Horne's guilty plea and adjudge him guilty of Count One of the Superseding Indictment (DE 207). *See* DE 362 (Recommendation); *see also* DE 360 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 362 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 362, **ACCEPTS** Horne's guilty plea, and **ADJUDGES** him guilty of Count One of the Superseding Indictment (DE 207);

2. Further, per Judge Ingram's recommendation, the Defendant disclaimed any interest in the property identified in the operative indictment (DE 207 at 8–9) but conceded forfeitability pursuant to Defendant's agreement as to nexus. (DE 360 ¶ 9). The Court finds the property forfeitable but notes that Horne disclaims. The Court preliminary orders forfeiture subject to proper final findings as warranted by development in the record.

3. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter; and

4. The Court will issue a separate sentencing order.[1]

This the 31st day of August, 2020.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Horne to custody. *See* DE 361. The Court, thus, sees no need to further address detention, at this time.